**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel C. Edington,<br><br>        Petitioner,<br><br>v.<br><br>Arizona Governor's Council on Human Trafficking, Christopher Wray, Merrick Garland, and Yavapai County Sheriff Department,<br><br>        Respondents. | No. CV-24-08028-PCT-JAT<br><br>**ORDER** |

Petitioner, pro se, has filed a Petition for Writ of Mandamus and a motion to proceed in forma pauperis.

Under *Hagans*, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,'...." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (citations omitted); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417 (9th Cir. 1991). As another Court has explained:

> A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974).
> Thus, a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (citations and internal quotation marks omitted); *Neitzke v. Williams*, 490

U.S. 319, 327 n. 6 (1989) ("[a] patently insubstantial complaint may be dismissed ... for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

*Arnold v. United States*, No. 19-CV-05147-SVK, 2020 WL 732995, at *1 (N.D. Cal. Feb. 13, 2020), *appeal dismissed,* No. 20-15277, 2020 WL 4873752 (9th Cir. May 22, 2020).

Additionally, under 28 U.S.C. § 1915(e)(2),

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, it is difficult to summarize Petitioner's Petition. Petitioner claims that he is the "true" inventor of the COVID-19 vaccines. (Doc. 1 at 4). Petitioner alleges that a former governor of Arizona "took credit" for Petitioner's "research". (Doc. 1 at 5). Petitioner alleges that the former governor published the research under his own name and the name of a doctor Petitioner alleges the former governor was having an affair with. (Doc. 1 at 6). Without specifying "who" is after him, Petitioner then alleges someone made various threats against him and also physically injured him. (Doc. 1 at 6-7). Notably, the former governor at issue is not named as a Defendant (in either his individual or official capacity).

Petitioner's allegations against Mr. Wray and Mr. Garland are completely unrelated

- 2 -

to the foregoing, and mention Mr. Garland not stopping "Anderson"; however, Anderson is never otherwise mentioned. (Doc. 1 at 5). The other two Defendants are not jural entities that can sue and be sued.

It appears that, at bottom, Petitioner is claiming that his research on the vaccines amounted to forced labor. (Doc. 1 at 7). In his prayer for relief, Petitioner asks this Court to order certain individuals who are not named Defendants in this case (such as the current Governor of Arizona), to cease all illegal activity and fulfill their contract obligations (though no contract is provided or referenced).

Under either *Hagans* or 28 U.S.C. § 1915(e)(2), the Petition for Writ of Mandamus in this case is wholly insubstantial and frivolous. Thus, it will be dismissed. The Court finds any amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (1995) (futility alone justifies not granting leave to amend). Therefore,

**IT IS ORDERED** that this case is dismissed, and the Clerk of the Court shall enter judgment accordingly. All pending motions are denied.

Dated this 26th day of February, 2024.

_____
James A. Teilborg
Senior United States District Judge