**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel C. Edington,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Arizona Governor's Council on Human Trafficking, Christopher Wray, Merrick Garland, and Yavapai County Sheriff Department,<br><br>　　　　　　Respondents. | No. CV-24-08028-PCT-JAT<br><br>**ORDER** |

　　　　On February 12, 2024, Petitioner filed a Petition for Writ of Mandamus, which this Court dismissed as wholly insubstantial and frivolous. (Doc. 7) (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) and other cases). The Court did not grant leave to amend because the Court found amendment would be futile. *Id.* Petitioner has now filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.

　　　　In the prior Order, this Court noted that Petitioner's Petition was difficult to summarize. (Doc 7). The Rule 60 motion is similarly difficult. (Doc. 9).

　　　　Petitioner alleges an entirely new set of facts in the Rule 60 motion. For example, Petitioner alleges that Keith and Joan Anderson (who are not named Defendants), are contract negotiators who use a Venmo account to pay people to raid medical offices. *Id* at 4. Petitioner also states he can "damn well" sue the FBI or the DOJ so long as he names the United States as the Defendant. *Id*. at 9. Notably, none of the FBI, the DOJ or the United States are named as Defendants in the Petition.

Petitioner repeats his prior allegations that he is the "true" inventor of both the Pfizer and Moderna vaccines, and claims he is being stalked because of this. *Id*. at 3. Petitioner concludes by stating, "All of the attention and illegal activities surrounding Mr. Edington's medical care and right to life, liberty and the pursuit of happiness are clearly not just because of nut cases looking for entertainment or to commit hate crimes." *Id*. at 5.

Later in the motion, Petitioner delves into allegations that a person named Dave who "calls FBI support" lives in a trailer behind Petitioner's property and has cloned all of his computer and cell phone equipment. *Id.* at 7-8. Petitioner claims his phone sends him threatening texts, which he knows are a hacker who is "messing with" him and "tried to kill" him. *Id.* at 8. Petitioner then concludes with various personal attacks on the undersigned for dismissing his Petition. *Id*. at 11-12 (alleging at various points incompetence, political influence, and judicial misconduct).

Nothing in the Rule 60 motion justifies setting aside the previously entered judgment. The Court continues to find the allegations in the original petition and the new allegations in the Rule 60 motion to be wholly insubstantial and frivolous.

Alternatively, this Court can dismiss a case when Petitioner's allegations are in the category of "the irrational or wholly incredible." *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."). For this additional reason, the Court finds the request to amend in the Rule 60 motion to be futile. The additional allegations Petitioner has incorporated into the Rule 60 motion are fanciful and delusional.

Based on the foregoing, **IT IS ORDERED** that Petitioner's motion for relief from judgment (Doc. 9) is denied.

Dated this 22nd day of March, 2024.

James A. Teilborg
Senior United States District Judge